COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Wendy Duong v. The Lakes at Country Place Community Association, Inc.

Appellate case number:       01-21-00359-CV

Trial court case number:     98150-CV

Trial court:                 239th District Court of Brazoria County

On July 1, 2021, appellant, Wendy Duong, filed a notice of appeal from two trial court orders, including a February 8, 2021 "Order Approving [appellee, The Lakes at Country Place Community Association, Inc.'s] Request for Attorneys['] Fees from [appellant] & Related Sums," and a March 31, 2021 "Amended Order Approving [appellee's] Request for Attorneys['] Fees from [appellant] & Related Sums." On July 19, 2021, appellant filed two motions with this Court.

The first of appellant's motions is captioned as a "Motion for Extension of Time to Pay Appeal Costs and to Forward the District Court's Record, Including Court Reporter's Transcript." In this motion, appellant requests an extension of time to pay the required appellate fees, including this Court's fees as well as the costs for the preparation of the clerk's record and reporter's record.

Payment of appellate costs in civil cases is governed by the Texas Rules of Appellate Procedure. Unless an appellant establishes indigence for the purposes of costs, the appellate fee "must" be paid "at the time an item is presented for filing." *See* TEX. R. CIV. P. 145; TEX. R. APP. P. 5, 20.1. Similarly, unless an appellant establishes indigence for the purposes of costs, the trial court clerk and court reporter are not responsible for filing the clerk's record and reporter's record, respectively, until appellant has paid or made arrangements to pay the fees for preparation of the clerk's and/or reporter's records. *See* TEX. R. APP. P. 37.3(b), (c).

There is no evidence in this Court's record that appellant has either: (1) established indigence for the purpose of payment of appellate costs, or (2) made arrangements to pay for the clerk's and/or reporter's records. Accordingly, appellant's "Motion for Extension of Time to Pay Appeal Costs and to Forward the District Court's Record, Including Court Reporter's Transcript" is **denied**.

Appellant also filed a "Motion to Expedite Mandate to Return the Case to the District Court for Post-Judgment Jurisdiction, to Suspend Operation of Rules Under TRAP 2, and/or to Grant Relief Due to Parties' Agreement Under TRAP Rule 42.1(a)(2)." In this motion, appellant requests that we expedite our mandate to return this case to the district court. Issuance of a mandate by an appellate court is governed by the Texas Rules of Appellate Procedure and occurs only after the appellate court has rendered a judgment on appeal. *See* TEX. R. APP. P. 18.1.

Because no opinion or judgment has been rendered by this Court in this appeal, we do not yet have authority to issue a mandate. Accordingly, appellant's "Motion to Expedite Mandate to Return the Case to the District Court for Post-Judgment Jurisdiction, to Suspend Operation of Rules Under TRAP 2, and/or to Grant Relief Due to Parties' Agreement Under TRAP Rule 42.1(a)(2)" is **denied**.

Further, based on the record currently before this Court, it is not clear whether we have jurisdiction over appellant's July 1, 2021 notice of appeal. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. However, that deadline is extended to ninety days after the entry of judgment where appellant files a post-trial motion, such as a motion for new trial. *See* TEX. R. APP. P. 26.1(a)(1).

Here, appellant filed a motion for new trial, accordingly, appellant's notice of appeal from the trial court's February 8, 2021 order was due on or before May 10, 2021, and appellant's notice of appeal from the trial court's March 31, 2021 order was due on or before June 29, 2021.

On July 1, 2021, appellant filed her untimely notice of appeal of each of the above-referenced trial court orders. The time within which to file a notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files a notice of appeal with the trial court and a motion for extension of time with the appellate court complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3. Appellant's notice of appeal from the trial court's March 31, 2021 order was filed within fifteen days of the deadline for filing the notice of appeal. However, appellant has not filed any motion for extension of time.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Accordingly, **within ten days of the date of this order**, we direct appellant to file a written response, with citation to law and the record, demonstrating that this Court has jurisdiction over appellant's notice of appeal. Failure to respond timely will result in dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

It is so ORDERED.

Judge's signature: ___/s/ Amparo Guerra_____
                 ☑ Acting individually    ☐ Acting for the Court

Date: __July 27, 2021_____